09-23511

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF | ) IN A PROCEEDING UNDER CHAPTER 13 |
| Gloria J. Atkins | |
| | ) CASE NO. |
| DEBTORS | ) December 1, 2009 |

### CHAPTER 13 PLAN

**1. PLAN TERM AND FUNDING:**
The Term of the Plan shall be 60 months for this Debtor who is below State of Connecticut Median Income. The Debtor shall submit all or such portion of future income to the control of the Trustee, for the Applicable Commitment Period of 36 months, as necessary for the execution of the Plan. The Debtors or Debtors' employer shall pay to the Trustee the sum of **$1,427.00** each month for 60 months.

**2. IMPLEMENTATION OF PLAN:**
From the payments so received, the Trustee and/or the Debtor shall make disbursements as follows:

    a. **ADEQUATE PROTECTION PAYMENTS:** NONE

    b. **DOMESTIC SUPPORT OBILIGATIONS:** NONE

    c. **PAYMENTS RELATED TO A LOAN FROM A QUALIFIED RETIREMENT PLAN:** NONE

    d. **PRIORITY CLAIMS:** All claims entitled to priority under 11 U.S.C. 507 shall be paid in full as required by 11 U.S.C. 1322(a)(2)or(4), as hereinafter set forth:
    1. Attorney's fee owed to Charles A. Maglieri in the amount of $1,000.00 +0% as a Section 503(b), Administrative Expense.

    e. **SECURED CLAIMS:** Subsequent to the above priority payments, secured creditors whose claims are duly proved and allowed, together with interest

1

per annum as hereinafter set forth:

(i)  CLAIMS FOR WHICH ARREARAGES ARE CURED PURSUANT TO SECTION 1322(b)(5)

1. Mortgage arrearages in the approximate amount of $75,000.00 owed to America's Servicing Company together with 0%. By making said payments to the Trustee, the Debtors shall cure the default, decelerate the mortgage debt, and reinstate the mortgage loan on the original terms of the mortgage note dated September 21, 2006, commencing with the December 1, 2009, in accordance with 11 USC Section 1322b(5). **IN THE EVENT THIS COURT ENTERS AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY IN FAVOR OF AMERICA'S SERVICING COMPANY THE PAYMENTS PROVIDED HEREIN FOR THE CURE OF THE ALLOWED SECURED CLAIM FOR MORTGAGE ARREARAGES SHALL CONTINUE TO BE DISBURSED TO THE CLAIM HOLDER UNTIL THE FIRST OF THE FOLLOWING EVENTS TO OCCUR:**

    **a.    DEBTOR FILES A MOTION TO MODIFY PLAN TO ELIMINATE THE ARREARAGE CLAIM AND THE COURT GRANTS SAME;**

    **b.    TRUSTEE FILES A MOTION TO MODIFY PLAN TO ELIMINATE THE ARREARAGE CLAIM AND THE COURT GRANTS SAME;**

    **c.    CREDITOR WITHDRAWS THE PREVIOUSLY FILED AND ALLOWED PROOF OF CLAIM #n/a REQUESTING PAYMENT FOR THE MORTGAGE ARREARAGES;**

    **d.    UPON THE RETURN TO THE TRUSTEE OF THE PAYMENT FOR MORTGAGE ARREARAGES AS PROVIDED FOR BY THE CONFIRMED PLAN.**

**IN THE EVENT THE CREDITOR RETURNS PLAN PAYMENTS TO THE TRUSTEE AND THE EVENTS SET FORTH IN PARAGRAPHS a, b, and c ARE NOT EXERCISED THEN IN THAT EVENT THE FUNDS ALLOCATED TO THE SECURED CLAIM(S) TO CURE MORTGAGE ARREARAGES SHALL BE PAID TO THE HOLDERS OF ALLOWED UNSECURED CLAIMS AS AN ADDITIONAL DIVIDEND IF SAID CLAIMS ARE TO RECEIVE A DIVIDEND GREATER THAN ZERO PERCENT (0%) BUT LESS THAN 100 PERCENT (100 %) AT THE TIME OF PLAN CONFIRMATION.**

**"NOTICE"**

**For purposes of this Plan provision and the provisions of Section 1322(b)(5) the Debtor(s) hereby direct(s) that America's Servicing Company shall credit all monies paid by the Trustee on the allowed claim for pre-petition mortgage arrearages, solely to the arrearage claim for the duration of the Plan Term, as confirmed.  Further, the Debtor(s) hereby direct(s) that each scheduled current monthly mortgage loan payment due post-petition, made by the**

**Debtor(s) for the purpose of maintaining current monthly payments, commencing with the month of December 1, 2009, shall be credited solely to the designated post-petition monthly loan payment, as calculated by the amortization schedule as if the loan was not in default. For purposes of 11 U.S.C. Section 524(i), this provision shall apply only if the Debtor(s) Plan is consummated and the Chapter 13 Discharge granted.**

(iv)   ALL OTHER CLAIMS SUBJECT TO SECTION 506(a), 522(f) AND MODIFIABLE PURSUANT TO SECTION 1322(b)(2)and (c);

1. Mortgage claim in favor of American Servicing Company, dated September 24, 2006, recorded on the East Windsor Land Records in Volume 305, Page 829 in the original principal amount of $50,000.00 shall be deemed unsecured, pursuant to 11 USC Section 506(a) after motion, notice of hearing and further court order.  Said claim shall be allowed as an unsecured claim and treated in accordance or Paragraph 2(f).

2. Certificate of Lien in favor of State of Connecticut, Department of Services, dated March 13, 2007, recorded on the East Windsor Land Records in Volume 313, Page 735 in the original principal amount of $32,842.22, shall be deemed unsecured, pursuant to 11 USC Section 506(a) after motion, notice of hearing and further court order.  Said claim shall be allowed as an unsecured claim and treated in accordance or Paragraph 2(f)

3. Sewer Lien in favor of Town of East Windsor shall be paid by the debtor inside the plan in the approximate amount of in the amount of $915.00, together with 18% interest.

   **f. GENERAL UNSECURED CLAIMS, CLASSIFICATION AND TREATMENT:** Subsequent to payment of secured claims, unsecured claims shall be comprised of all other allowed non-priority unsecured claims (including the foregoing secured claims deemed to be unsecured by virtue of 11 U.S.C. 506(a) or 522(f)). The Debtor shall pay over to the Trustee, in behalf of allowed unsecured claims the sum of $0.00. **HOWEVER, ANY INCOME**

09-23511

**TAX REFUND(s) RECEIVED BY THE DEBTORS FOR CALENDAR YEAR 2009 THAT IS NOT EXEMPT AND 2010 THROUGH THE YEAR THE PLAN IS CONSUMMATED, SHALL BE TURNED OVER TO THE TRUSTEE AS PAYMENT ON ALLOWED UNSECURED CLAIMS.** However, should the Debtor(s)' estate be found to be solvent, general unsecured claims shall be paid 100% plus interest per annum at the federal judgment rate existing on the date the Plan is confirmed. Further, interest may be paid on certain claims which are non-dischargeable pursuant to Section 1328(a) subject to the limitations set forth in Section 1322(b)(10).

No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C. 1322(b)(2). The total of all non-classified, general unsecured claims is $63,797.57.

**3. ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES: NONE**

**4. OTHER TERMS OF PLAN:**

    a) **AMOUNT NECESSARY TO CURE AND REINSTATE:**
In the event this Plan provides for the payment and cure of arrearages on either unsecured or secured claims pursuant to Section 1322(b)(3), (5), (11) and, notwithstanding 11 USC Section 506(b) and 1322 (e), the amount necessary to cure the pre-petition default arrearages shall be governed by the proof of claim filed by, or on behalf of, the holder of the claim, unless specifically controverted in this Plan or by an objection to the claim pursuant to 11 USC Section 502(a) and Bankruptcy Rule 3007.

    b.) **REINSTATEMENT OF LOAN:**
If the Debtor(s) pay(s) the arrearage amount specified in the timely filed Proof of Claim, while timely making all required post-petition payments (including any other reasonable amounts that properly come due pursuant to the pre-petition contractual agreement of the parties and of which the creditor gives such timely and appropriate notice as the parties' pre-petition agreement requires), the loan will be reinstated according to its original terms, extinguishing any right of the claim holder to recover any amount alleged to have arisen prior to the filing of the petition, unless such amounts were included in the allowed proof of claim filed in this case, provided however, the claimholder shall have an opportunity to amend said

4

Proof of Claim to correct any errors or omissions arising by inadvertence or mistake.

**5. REQUIREMENTS FOR CONFIRMATION:**

   (i)   VALUE OF PROPERTY TO BE DISTRIBUTED:
         UNSECURED CLAIMS

The holder of such claim shall be paid in such amounts as to have value, as of the effective date of the plan, that is not less than the allowed amount of such claim (as that amount may be finally determined) and that would be paid such claim if the estate of the Debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

   (ii)  WITH RESPECT TO EACH ALLOWED SECURED CLAIM:

   a. The holder of such claim shall retain the lien securing said until the earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328.

   b. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

   c. The value, as of the effective date of the Plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the Plan be less than the value (as of the effective date of the Plan) of the property upon which such creditor has an enforceable lien.

   d. If property to be distributed pursuant to Section 1325(a)(5)(B) is in the form of periodic payments, such payments shall be in equal monthly amounts.

**6. SUFFICIENCY OF DEBTOR'S PAYMENTS:**

Payments to the Trustee shall be made in installments conforming to the Debtor's payment periods over a period of 60 months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims and payments to unsecured creditors as hereinbefore provided. The Debtor's total payments, for the term of this Plan, to the Trustee shall be not less than $85,620.00

**7. VESTING OF TITLE:**

Title to the Debtor's property shall revest in the debtors upon the earlier of the dismissal of the case, the closing of the case, or upon approval by the Court of the Trustee's final report and account, provided, however, that no property received by the Trustee for the purpose of distribution under the Plan shall revest in the Debtor except to the extent that such property may be in excess of the amount needed to pay all allowed claims as provided in the Plan, as confirmed.

09-23511

**8. DEBTOR'S ATTORNEYS FEES:**

The Debtor's attorneys fees shall be paid <u>inside</u> the Plan in the amount of $1,000.00, subsequent to approval of Court, as an Administrative Expense Priority pursuant to 11 USC Section 503(b).

**9. CONTACT PERSON:**

Questions regarding this Plan may be directed to either the attorney for the debtor: Charles A. Maglieri, 34 Jerome Avenue, Bloomfield, CT 06002, 860-242-0574 or Molly T. Whiton, Chapter 13 Trustee for District of Connecticut, 10 Columbus Blvd, Suite 6, Hartford, CT 06106, 860-278-9410.

Dated: 12/1/09

_____
Debtor - Gloria Atkins

_____
Charles A. Maglieri
Attorney for the Debtor